# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### STATE OF TENNESSEE v. RUSSELL LEE MAZE

**Appeal from the Criminal Court for Davidson County**
**No. 2002-D-2361     Steve R. Dozier, Judge**

_____

### No. M2014-02338-CCA-R3-CD – Filed July 22, 2015
_____

The Appellant, Russell Lee Maze, is appealing the order of the trial court denying his "Motion for Order Correcting Error in Judgment." The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Russell Lee Maze, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

The Appellant is appealing the trial court's order denying his "Motion for Order Correcting Error in Judgment." The Appellant was convicted of first degree felony murder and aggravated child abuse, for which he received sentences of life imprisonment and twenty-five years, respectively. Said convictions and concurrent sentences were affirmed on appeal. _State v. Russell Lee Maze_, No. M2004-02091-CCA-R3-CD, 2006 WL 1132083 (Tenn. Crim. App., Apr. 28, 2006), _perm. to app. denied_, (Tenn., Aug. 28, 2006). The Appellant was subsequently unsuccessful in the pursuit of post-conviction

and error coram nobis relief. *Russell Lee Maze v. State*, No. M2008-01837-CCA-R3-PC, 2010 WL 4324377 (Tenn. Crim. App., Nov. 2, 2010), *perm. to app. denied*, (Tenn., Mar. 9, 2011). The Appellant then filed the instant action pursuant to Tennessee Rule of Criminal Procedure 36.1 challenging the legality of his life sentence for felony murder. The trial court denied the motion. Following the filing of the record on appeal and the Appellant's brief, the State filed a motion to affirm the ruling of the trial court pursuant to Court of Criminal Appeals Rule 20. For the reasons stated below, said motion is hereby granted.

The Appellant frames his argument on appeal as follows: "The graverman [sic] of the Appellant's Motion is that, the trial court sentenced him to a term of punishment 'not' authorized by statute, which thereafter takes him 'beyond' the range of his ['status'] classification as designed by the [1989] Sentencing Reform Act – hereafter, 'The Act,' intended for the criminally accused having a Life Term to serve, however, with no specific term of years, as required by statute – all other offenses and sentence running concurrent with count-1." The gist of his argument is that the life sentence he received for the felony murder conviction is illegal because it does not specify a term of years.

Rule 36.1 permits a defendant to seek correction of an illegal sentence at any time. "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Contrary to the Appellant's contention, the trial court correctly held that the Appellant's life sentence is specifically authorized by statute and, thus, legal. Tenn. Code Ann. § 39-13-202(c). *See State v. Derrick Carey*, No. M2015-00185-CCA-R3-CD, 2015 WL 4077056 (Tenn. Crim. App., July 6, 2015) (rejecting argument pursuant to Rule 36.1 that life sentence for felony murder is illegal because it is not a determinate sentence); *Leslie L. Coleman v. Jim Morrow, Warden*, No. E2010-02299-CCA-R3-HC, 2011 WL 3667724 (Tenn. Crim. App., Aug. 22, 2011), *perm. to app. denied*, (Tenn., Dec. 14, 2011) (holding that sentencing statutes define life sentence as a specific, determinate sentence).

Accordingly, the order of the trial court is hereby affirmed pursuant to Rule 20.


_____
ROBERT L. HOLLOWAY, JR., JUDGE


2